UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Gittie Sheinkopf, a/k/a Gittie Kohn, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> -v.- <br><br> Faloni Law Group, LLC; LNVN Funding, LLC <br><br> Defendant(s). | Case No.: 3:25-cv-14092 <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Gittie Sheinkopf a/k/a Gittie Kohn ("Plaintiff") brings this Class Action Complaint by and through her attorneys, against Defendants Faloni Law Group, LLC ("Faloni") and LVNV Funding, LLC ("LVNV") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.  The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect

1

consumers," and "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate. *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with it. *Id*. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under Section 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey in the County of Ocean..

8. Defendant Faloni is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

9. Faloni can be served with process at their registered agent in New Jersey c/o Corporation Service Company located at 425 Eagle Rock Ave Suite 404, Roseland, NJ 07068.

10. Upon information and belief, Defendant Faloni is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

12. LVNV can be served with process at their registered agent in South Carolina c/o Corporation Service Company located at 355 S Main Street, Suite 300-D, Greenville, SC 29601.

13. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

   1. all individuals with addresses in the State of New Jersey;
   2. to whom Defendant Faloni filed a lawsuit;
   3. on behalf of Defendant LVNV;
   4. attempting to collect a consumer debt;
   5. that includes and improper bill of sale;

6. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

17. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f, and 1692g.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communication to consumers, in the form attached as Exhibit A, violate 15 U.S.C. §§ l692e, 1692f, and 1692d.

    c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above allegations as if set forth here.

24. Some time prior to May 5, 2025, an obligation was allegedly incurred by Plaintiff to Synchrony Bank ("Synchrony").

25. Plaintiff disputes that all or part of this debt is a valid debt.

26. The obligation arose out of a transaction in which money, property, insurance or services of the subject transactions were incurred for personal purposes.

27. The alleged Synchrony obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

28. Synchrony is a "creditor" as defined by 15 U.S.C.§ 1692a (4).

29. Upon information and belief, Defendant LVNV acquired the Synchrony debt once in default making it a debt collector.

30. After acquiring said debt, Defendant LVNV hired Defendant Faloni to collect Plaintiff's alleged obligation.

31. Defendant, Faloni, collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other

creditors using the United States Postal Services, telephone and internet, therefore Defendant Faloni is a debt collector.

### *Violation – Broken Chain of Title in May 5, 2025 Collection Letter*

32. On May 5, 2025, Faloni, on LVNV's behalf, sued Plaintiff in the Superior Court of New Jersey Law Division Civil Part, Ocean County, Docket No. OCN-DC-007081-25, to collect Plaintiff's alleged debt.

33. The Plaintiff received this lawsuit shortly after it was filed and was confused as she had no idea who Defendant LVNV was.

34. The first page of the lawsuit states "Defendant is indebted to the original creditor Synchrony Financial, in the amount of $385.83 after failing to make agreed upon payments on this account." *See* Exhibit A.

35. However, page three of lawsuit is titled "Bill of Sale" and states:

> "**Barclay's Bank Delaware** ("Seller"), for value received and pursuant to the terms and conditions of the Bulk Debt Sale Agreement ("the Agreement") dated November 21, 2023 between Seller and Resurgent Acquisitions LLC ("Purchaser"), hereby conveys, grants and delivers to Purchaser, effective as of the Closing Date of November 2, 2023, all rights title and interest of Seller in and to those certain evidence of debt ("Accounts") described on computer files furnished by Seller to Purchaser with a current balance totaling XXXXX." *Id.*

36. Furthermore, on page four of the lawsuit it continues, in relevant part:

> Resurgent Acquisitions LLC ("RALLC"), without recourse, to the extent permitted by applicable law, hereby transfers, sells, assigns, conveys, grants and delivers to LVNV Funding LLC ("LVNV") all of its right, title and interest in and to the receivables and other assets (the "assets") identified on Exhibit A, in the Receivable File dated October 29, 2023 delivered by **Barclays Bank Delaware** on November 27, 2023 for purchase by RALLC on November 27, 2023. The transfer of the Assets included electronically stored business records. *Id.*

37. The Lawsuit initially identifies the original creditor as Synchrony Bank, however, the chain of title makes multiple references only to Barclays Bank Delaware, not Synchrony.

38. Upon information and belief, Barclays Bank and Synchrony are two distinct banks and would not have held the same account.

39. Furthermore, the Plaintiff does not recall having a Barclays Bank account that would have been in default.

40. The Plaintiff was confused by this misinformation which led her to be suspect about the legitimacy of this lawsuit and collection matter.

41. These practices are materially misleading and violate multiple provisions of the FDCPA, including but not limited to §§ 1692e, 1692f, and 1692d.

42. By misrepresenting the chain of title, and falsely suggesting a legal basis for collection, Defendants violated 15 U.S.C. § 1692e(2)(A), which prohibits false representations about the character or legal status of a debt.

43. Defendants also violated 15 U.S.C. § 1692e(10) by employing deceptive means to collect the alleged debt through contradictory and confusing representations.

44. Defendants falsely misrepresented the character, status, and amount of Plaintiff's debt.

45. As a result, Plaintiff was misled and unable to determine the validity or accuracy of the alleged debt.

46. These violations by Defendants were unconscionable, knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

47. Defendants' actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendants' debt collection efforts.

48. Defendants' collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

49. Defendants' deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately or informatively respond to Defendants' demand for payment of this alleged debt.

50. Plaintiff was uncertain about the legitimacy of the collection lawsuit and misled to her detriment by the statements and/or omissions in the lawsuit, and relied on the contents of the lawsuit to her detriment.

51. The receipt of this lawsuit caused Plaintiff to become extremely upset, anxious, and fearful.

52. As a result of Defendants' deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

53. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

54. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e.

55. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Defendants violated said section by:

   a. falsely representing the character, legal status, and origin of the alleged debt—initially claiming it was owed to Synchrony, while also attaching documentation referencing Barclays, creating a materially misleading and internally inconsistent chain of title.

   b. By using deceptive means in the collection lawsuit to confuse Plaintiff about the ownership and validity of the alleged debt, impairing Plaintiff's ability to verify or dispute it.

   c. and by making a false and misleading representation/omissions in violation of §1692e(10).

56. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e, *et seq*. of the FDCPA and is entitled to actual damages, statutory damages, costs and attorneys' fees.

### COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

57. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

58. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

59. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Defendants violated §1692f:

    a. by engaging in collection efforts based on a contradictory and/or incomplete chain of title that Plaintiff could not determine whether the debt was valid or owed to the party attempting to collect it;

60. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 .S.C. §1692d *et seq.*

61. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

62. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

63. Pursuant to 15 U.S.C. §1692d, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendants violated §1692d:

    a. falsely representing the character, legal status, and origin of the alleged debt—initially claiming it was owed to Synchrony, while also attaching documentation referencing Barclays, creating a materially misleading and internally inconsistent chain of title.

    b. By using deceptive means in the collection lawsuit to confuse Plaintiff about the ownership and validity of the alleged debt, impairing Plaintiff's ability to properly respond to the lawsuit.

64. By reason thereof, Defendants are liable to Plaintiff for judgment in that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs, and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Gittie Sheinkopf a/k/a Gittie Kohn individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

    i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and undersigned as Class Counsel;

    ii. Awarding Plaintiff and the Class statutory damages;

    iii. Awarding Plaintiff and the Class actual damages;

    iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    v. Awarding pre-judgment interest and post-judgment interest; and

    vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: August 4, 2025                                        Respectfully submitted,

                                                                    /s/ *Yaakov Saks*
                                                                    **Stein Saks, PLLC**
                                                                    By: Yaakov Saks, Esq.
                                                                    One University Plaza, Ste 620
                                                                    Hackensack, NJ 07601
                                                                    Phone: (201) 282-6500
                                                                    Fax: (201)-282-6501
                                                                    ysaks@steinsakslegal.com