<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GITTIE SHEINKOPF,<br>a/k/a GITTIE KOHN,<br>individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FALONI LAW GROUP, LLC and LVNV FUNDING, LLC,<br><br>Defendants. | Civil Action No. 25-14092 (GC) (RLS)<br><br><u>**MEMORANDUM OPINION**</u> |

<u>**CASTNER, District Judge**</u>

      **THIS MATTER** comes before the Court upon Defendants Faloni Law Group, LLC and LVNV Funding, LLC's Motion to Dismiss Plaintiff's First Amended Complaint (FAC) pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1) and 12(b)(6). (ECF No. 18.) Plaintiff Gittie Sheinkopf opposed, and Defendants replied. (ECF Nos. 20, 21.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Defendants' Motion is **DENIED**.

I.    **BACKGROUND**[1]

    A.    **Factual Background**

Plaintiff is a resident of Ocean County, New Jersey. (ECF No. 13 ¶ 7.) Prior to May 5, 2025, Plaintiff allegedly incurred a debt from Synchrony Bank. (*Id.* ¶ 24.)[2] Defendant LVNV Funding, LLC acquired the Synchrony Bank debt upon Plaintiff's default and hired Faloni Law Group, LLC to collect Plaintiff's obligation. (*Id.* ¶¶ 29-30.)[3] On May 5, 2025, Faloni initiated a lawsuit on behalf of LVNV in the Superior Court of New Jersey to collect the debt. (*Id.* ¶ 32.) In that state court lawsuit, Faloni alleged that Plaintiff was "indebted to the original creditor"—Synchrony Bank—"in the amount of $385.83 after failing to make agreed upon payments." (*Id.* ¶ 34; *see also* ECF No. 18-2 at 2.)[4] However, the Bill of Sale attached to the state court complaint never mentioned Synchrony Bank when describing the debt's chain of title. (ECF No. 13 ¶¶ 35-37; *see also* ECF No. 18-2 at 4-5.) Instead, the chain of title only showed that Barclays Bank Delaware—a distinct bank from Synchrony Bank—owned and sold the debt to a company named Resurgent Acquisitions LLC, which then sold the debt to LVNV. (ECF No. 18-2 at 4-5.)

The debt's chain of title confused Plaintiff because she could not recall owning a Barclays Bank account that would have been in default. (ECF No. 13 ¶¶ 39-40.) As a result, Plaintiff

---

[1]    On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

[2]    Unrelated to the instant matter, Plaintiff disputes whether all or part of the debt to Synchrony Bank is valid. (ECF No. 13 ¶ 25.)

[3]    Faloni Law Group, LLC collects or attempts to collect debts incurred for personal, family, or household purposes. (*Id.* ¶ 31.)

[4]    Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

became suspicious of the legitimacy of Faloni's lawsuit and collection attempt. (*Id.* ¶ 40.) She attempted to call LVNV and Faloni multiple times for an explanation and to try to resolve the matter, but they were generally unresponsive and would not follow up with her calls, voice messages, or other inquiries. (*Id.* ¶¶ 41-42.) After eventually reaching a representative at Faloni, the representative was unable to explain the debt's history or chain of title issues. (*Id.* ¶ 44.) Plaintiff alleges Faloni told her, in sum and substance, "[p]ay or we'll continue the lawsuit." (*Id.* ¶ 46.) Plaintiff requested an extension of time to facilitate a resolution, but Plaintiff alleges no resolution was reached. (*Id.* ¶ 47.) On August 21, 2025, the state court collection lawsuit was dismissed without prejudice after Faloni filed a stipulation of dismissal on LVNV's behalf. (*See* ECF No. 18-4 at 2-3.)[5]

As result of Defendants' conduct, Plaintiff alleges she spent hours dealing with Defendants' agents and reviewing her own records, and these activities interfered with her work schedule and ability to care for her family. (*Id.* ¶¶ 50, 53.) She also alleges that her financial health was negatively affected because the public lawsuit against her reduced her credit score. (*Id.* ¶ 52.) Further, Plaintiff delayed making personal financial commitments, including paying other bills, to keep sufficient funds available. (*Id.* ¶ 54.) Finally, Plaintiff alleges Defendants' actions caused her "significant anxiety that affected her sleep, focus, and everyday family life." (*Id.* ¶ 66.)

### B.    Procedural Background

Plaintiff initiated this action against Defendants on August 4, 2025, (ECF No. 1), and Plaintiff filed the FAC on December 4, 2025, (ECF No. 13). On behalf of a putative class, Plaintiff

---

[5]    "[A] court may take judicial notice of the record from a previous court proceeding between the parties." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (citation omitted); *see also Kim v. Borough of Ridgefield*, Civ. No. 22-01680, 2022 WL 4366380, at *5 (D.N.J. Sep. 21, 2022) ("As a preliminary matter, the [c]ourt may take judicial notice of a previous court proceeding between the parties.") (citation omitted).

bring claims against both Defendants under the Fair Debt Collection Practices Act (FDCPA) for violations of 15 U.S.C. §§ 1692e (Count One); 1692f (Count Two); and 1692d (Count Three).[6] (*Id.* at 1, 11-14.)  Plaintiff seeks actual damages, statutory damages, and attorney's fees.  (*Id.* ¶¶ 71, 75, 79.)

On January 1, 2026, Defendants moved to dismiss Plaintiff's FAC for lack of Article III standing pursuant to Rule 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6).  (ECF No. 18.)  The Motion to Dismiss is now fully briefed and pending before the Court.

## II.     LEGAL STANDARD

### A.     Rule 12(b)(1)

Rule 12(b)(1) permits a defendant to move at any time to dismiss the complaint for lack of subject matter jurisdiction on either facial or factual grounds.  *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  A facial challenge asserts that "the complaint, on its face, does not allege sufficient grounds to establish subject matter jurisdiction."  *Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 438 (D.N.J. 1999).  In analyzing a facial challenge, a court "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."  *Gould Elecs. Inc.*, 220 F.3d at 176.  "A court considering a facial challenge construes the allegations in the complaint as true and determines whether subject matter jurisdiction exists."  *Arosa Solar Energy Sys., Inc. v. Recom Solar, LLC*, Civ. No. 18-1340, 2021 WL 1196405, at *2 (D.N.J. Mar. 30, 2021).

A factual challenge, on the other hand, "attacks allegations underlying the assertion of jurisdiction in the complaint, and it allows the defendant to present competing facts."  *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016).  The "trial court is free to weigh the

---

[6]     The Court has jurisdiction pursuant to 28 U.S.C. § 1331.  (ECF No. 13 ¶ 3.)

evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Therefore, a 12(b)(1) factual challenge strips the plaintiff of the protections and factual deference provided under 12(b)(6) review." *Hartig Drug Co.*, 836 F.3d at 268. Regardless of the type of challenge, the plaintiff bears the "burden of proving that the court has subject matter jurisdiction." *Cottrell v. Heritages Dairy Stores, Inc.*, Civ. No. 09-1743, 2010 WL 3908567, at *2 (D.N.J. Sep. 30, 2010) (citing *Mortensen*, 549 F.2d at 891).

### B.      Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it contain enough facts to state a claim to relief that is plausible on its face." *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (citation modified). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (citation modified). When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

5

### III.   DISCUSSION

#### A.   Article III Standing

Deriving from the Constitution's limit on the judicial power to resolve "actual cases and controversies," standing "is the threshold question in every case and determines the power of the court to entertain the suit." *Bittner v. Waterford Twp. Sch. Dist.*, Civ. No. 18-10990, 2020 WL 10223599, at *2 & n.2 (D.N.J. Jan. 13, 2020) (citing *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "Standing is a question of subject matter jurisdiction." *Petroleos Mexicanos Refinacion v. M/T KING A (EX-TIBILISI)*, 377 F.3d 329, 334 (3d Cir. 2004). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims[.]" *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006). Article III standing requires a plaintiff to demonstrate "(1) that he or she suffered an injury in fact that is concrete, particularized, and actual or imminent, (2) that the injury was caused by the defendant, and (3) that the injury would likely be redressed by the requested judicial relief." *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 152 (3d Cir. 2022) (quoting *Thole v. U. S. Bank N.A.*, 590 U.S. 538, 540 (2020)). Here, asserting a facial attack, Defendants contend that Plaintiff's FDCPA claims fail under the first prong of the standing test because she has not alleged a concrete injury. (ECF No. 18-10 at 11-19.)

"No concrete harm, no standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). The violation of a federal statute alone does not constitute a concrete injury. *Id.* at 426-30; *see also Morales v. Commonwealth Fin. Sys., Inc.*, Civ. No. 22-3388, 2023 WL 8111458, at *2 (3d Cir. Nov. 22, 2023) ("Mere violation of a federal statute does not necessarily constitute a concrete injury."). Instead, to allege a concrete injury, "a plaintiff must show that she suffered an injury for which there exists a sufficiently 'close historical or common-law analogue.'" *Huber v. Simon's Agency, Inc.*, 84 F.4th 132, 147-48 (3d Cir. 2023) (quoting *TransUnion*, 594 U.S. at 424). "It is not necessary to find an exact duplicate in American history and tradition," but the "injury must

6

protect essentially the same interests as traditional causes of action."  *Id.* at 148 (citations modified).  "But to establish standing, *TransUnion* requires more than a statute's analogue in a common-law action; it requires that *the harm* the prospective plaintiff suffered as a result of the statutory violation bears a sufficiently close relationship to *the harm* from that common-law action."  *Id.* (citation modified) (emphasis in original).

Plaintiff alleges that Defendants violated 15 U.S.C. §§ 1692e (Count One); 1692f (Count Two); and 1692d (Count Three).  (ECF No. 13. ¶¶ 68-79.)  Thus, Plaintiff must show she was concretely harmed by Defendants' alleged violations to have standing for each claim and those harms must have a sufficiently close relationship to the harm from a common law action.  *TransUnion*, 594 U.S. at 427, 431 ("[S]tanding is not dispensed in gross; plaintiffs must demonstrate standing for each claim that they press[.]").  For the reasons below, the Court holds that Plaintiff sufficiently alleges concrete injuries resulting from Defendants' alleged § 1692e, § 1692d, and § 1692f violations that are analogous to harms stemming from common law actions such that Plaintiff has standing to pursue each of her claims.[7]

---

[7]     As a threshold argument, and separate from the concrete and analogous harms analysis, Defendants assert that each of Plaintiff's three FDCPA claims must be dismissed because "[n]on-parties to assignment documents . . . lack standing to assert purported violations of the assignment documents."  (ECF No. 18-10 at 23 n.3.)  Defendants' argument appears to be that the Bill of Sale attached to the state court collection lawsuit does not mention Plaintiff, so Plaintiff does not have standing to challenge its validity.  This argument is unavailing for several reasons.  First, Plaintiff does not challenge whether the debt in the Bill of Sale was properly passed from one creditor to the next but instead alleges it never originated from her in the first instance.  (ECF No. 13 ¶¶ 35-40.)  The lack of tether to the debt is grounds for suit, not grounds for dismissal.  Second, courts have held that, in situations just as this, a plaintiff has standing to pursue an FDCPA claim based on debt collection efforts that relied on an allegedly erroneous assignment document.  *See McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239, 247 (W.D.N.Y 2019) (rejecting similar argument and noting that a plaintiff "certainly can challenge whether a debt collector used false and misleading, or unfair and unconscionable means to collect a debt" because the plaintiff is challenging "the defendants' misrepresentation of its right to collect the debt") (citations modified); *cf. Ramos v. LVNV Funding, LLC*, Civ. No. 18-5496, 2019 WL 1994463, at *3 (E.D. Pa. May 3, 2019) (finding allegations "that [the d]efendants violated the FDCPA by

### 1.    *Sections 1692e and 1692f*

Section 1692e states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e. Similarly, § 1692f states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  *Id.* § 1692f.  Plaintiff alleges Defendants violated these provisions by pursuing a fraudulent collection action against Plaintiff in state court.  (ECF No. 13 ¶¶ 68-75.)

In *Huber*, the Third Circuit recently analyzed whether a plaintiff asserting a violation of 15 U.S.C. § 1692e had standing.  There, the plaintiff received a letter from a debt collection agency concerning medical bills the plaintiff owed, but the letter contained two different amounts.  *Huber*, 84 F.4th at 141-42.  The plaintiff was confused about which amount she owed, so she paid neither and instead conferred with a financial advisor.  *Id.* at 142.  She brought a putative class action, and the Third Circuit held she had standing to pursue her § 1692e claim.  *Id.* at 142, 146-50.  The court found the tort of fraudulent misrepresentation was an "apt analogue" for a § 1692e claim.  *Id.* at 148.    And the "harm traditionally recognized as providing a basis" for fraudulent misrepresentation, the Third Circuit reasoned, "is not the mere receipt of a misleading statement, or even confusion, without any further consequence" but is instead the "physical, monetary, or cognizable intangible harm, such as reputational or emotional harm, that may follow from a plaintiff's reliance upon the misrepresentation."  *Id.* at 148 (citations modified).  The court held the plaintiff suffered a "consequential action or inaction following receipt of a misleading or deceptive collection letter" that was of the "same character as the harm from fraudulent misrepresentation" because she "did not merely suffer from confusion, but from two resulting

---

misrepresenting [its] status as an assignee in the [c]ollection [s]uit complaint" to be a "viable ground for relief.").

financial consequences: one in consulting with her financial advisor . . . and the other in her failure to pay down her debts or otherwise take appropriate action beyond that consultation." *Id.* at 149 (citations modified).

Accordingly, courts in this Circuit have found standing for § 1692e and § 1692f[8] claims when the plaintiffs alleged more than mere confusion as a result of the statutory violations. *See Omodunbi v. Gordin & Berger, P.C.*, Civ. No. 17-7553, 2024 WL 3219262, at *5 (D.N.J. June 27, 2024) (finding plaintiff had standing when he "asserte[d] that [the d]efendants' alleged misrepresentation caused him emotional distress"); *Linnabary v. Sequium Asset Sols., LLC*, Civ. No. 22-01565, 2024 WL 404530, at *5 (W.D. Pa. Feb. 2, 2024) (finding plaintiff had standing when she "experienced harm flowing from [a misleading] communication, including failing to pay the debt or take appropriate action, suffering from emotional distress, feeling extremely upset, fighting with her spouse, losing time, and purchasing Tylenol"); *Lezark v. I.C. Sys., Inc.*, Civ. No. 20-00403, 2023 WL 4571457, at *6-9 (W.D. Pa. July 18, 2023) (finding plaintiff had standing when a misleading collection letter "made him feel 'overwhelmed,' caused him to seek legal advice, and contributed to his decision to file for bankruptcy"); *cf. Boone v. T-Mobile USA Inc.*, Civ. No. 17-378, 2018 WL 588927, at *1, *8 (D.N.J. Jan. 29, 2018) (finding a negative impact on credit score constituted a concrete injury under a Fair Credit Reporting Act claim).

By contrast, courts readily find no standing in the § 1692e and § 1692f contexts when plaintiffs plead only mere confusion. *See George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 237

---

[8]    While *Huber* was decided in the context of a 15 U.S.C. § 1692e claim, courts have analogized to the tort of fraudulent misrepresentation for both § 1692e and § 1692f claims. *See, e.g.*, *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226, 237 & n.13 (3d Cir. 2024); *Filgueiras v. Midland Funding, LLC*, Civ. No. 16-3037, 2025 WL 2637171, at *5 & n.3 (D.N.J. Aug. 22, 2025); *Jones v. JHPDE Fin. I, LLC*, Civ. No. 19-13865, 2023 WL 4287616, at *3, *5 (D.N.J. Jun. 30, 2023); *Byrd Est. v. Nationstar Mortg., LLC*, Civ. No. 24-1063, 2025 WL 3172843, at *3-4 (E.D. Pa. Nov. 13, 2025).

(3d Cir. 2024) (holding no standing when "'the mere receipt of a misleading statement' is all [the plaintiff] has alleged"); *Morales*, 2023 WL 8111458, at *3 ("[The plaintiff] has not pled any facts showing either that she relied upon [the defendant's] letter or that she suffered any consequence flowing from that reliance.  Reading her complaint in the most favorable light, [the plaintiff] has simply shown she received an allegedly misleading letter—nothing more."); *Osario v. Transworld Sys., Inc.*, Civ. No. 22-2013, 2024 WL 1827242, at *1 (3d Cir. Apr. 26, 2024) (holding that even though a harm sufficient to confer standing for an FDCPA claimant "could be small," the plaintiff did not establish standing because he "did not plead any harm besides confusion itself").

Here, Plaintiff alleges not just mere confusion, but also concrete downstream harms from being served with a state-court lawsuit premised on an erroneous chain of title.  She alleges that her financial health was negatively affected because the public lawsuit reduced her credit score; that the hours she spent dealing with Defendants' agents and reviewing her own records interfered with her work schedule and ability to care for her family; that she delayed making financial commitments such as paying other bills; and that she suffered "significant anxiety that affected her sleep, focus, and everyday family life."  (ECF No. 13 ¶¶ 50, 52-54, 66.)  Analogizing to the harm flowing from the tort of fraudulent misrepresentation, the Court holds these allegations are sufficient to establish a concrete injury sufficient for Plaintiff to pursue her § 1692e and § 1692f claims.  *See Huber*, 84 F.4th at 148-49; *Omodunbi*, 2024 WL 3219262, at *5; *Linnabary*, 2024 WL 404530, at *5; *Lezark*, 2023 WL 4571457, at *6-9.

Defendants attempt to refute Plaintiff's standing by, primarily, analogizing the present facts to two pre-*Huber* cases: *Rohl v. Pro. Finance Co.*, Civ. No. 21-17507, 2022 WL 1748244 (D.N.J. May 31, 2022) and *Endres v. UHG I LLC*, Civ. No. 20-644, 2022 WL 462005 (W.D. Wisc. Sep.

22, 2022). (*See* ECF No. 18-10 at 14-18.) The Court finds the Defendants' reliance on these cases is misplaced, and they instead provide further support for the conclusion that Plaintiff has standing.

In *Rohl*, the plaintiff alleged the defendants violated the FDCPA by sending a collection letter with an inflated debt balance. *Rohl*, 2022 WL 1748244 at *1, *4. However, the plaintiff in *Rohl* failed to allege any reliance upon the defendant's letter or any injury resulting from the misleading letter. *Id.* at *4. Indeed, unlike in the present matter, the plaintiff did not "allege that [her] credit was harmed, that she lost any opportunities because of the debt, or even that she suffered emotional damages." *Id.* And, in *Endres*, a decision from the Western District of Wisconsin, the court held the plaintiff did not have standing to pursue her FDCPA claim because she did not "pa[y] any money to [the defendant]" nor did the misinformation "impact[] other financial decisions." *Endres*, 2022 WL 462005, at *7. In the instant matter, by contrast, the misinformation not only impacted plaintiff's financial decisions, but it also allegedly resulted in other financial and emotional harms. (*See* ECF No. 13 ¶¶ 50, 52-54, 66.) Thus, the Court holds that Plaintiff has standing to assert her § 1692e and § 1692f claims because she has alleged sufficient concrete injuries—analogous to those contemplated in the context of fraudulent misrepresentation claims—resulting from the Defendants' alleged violations.

### 2.    Section 1692d

Section 1692d states that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 28 U.S.C. § 1692d. Similar to Plaintiff's § 1692e and § 1692f claims, Plaintiff's § 1692d claim is based on Defendants' allegedly deceptive collection methods in the state court lawsuit. (ECF No. 13 ¶¶ 76-79.)

The first step in determining whether Plaintiff has standing to pursue this claim is to determine whether an appropriate "analogue in a common-law action" exists. *Huber*, 84 F.4th at

11

148. Unlike in the § 1692e and § 1692f contexts, courts have not analogized § 1692d claims to fraudulent misrepresentation. Instead, at least one court in this district has reasoned that "parallels can be drawn between Section 1692d and the tort of intrusion upon seclusion," *Omodunbi*, 2024 WL 3219262, at *8 (citing *Perez v. McCreary, Veselka, Bragg & Allen, P.C.*, 45 F.4th 816, 826 (5th Cir. 2022), and the Court agrees that this tort is the appropriate analog. *C.f. TransUnion*, 594 U.S. at 425 (stating "intrusion upon seclusion" is an injury "with a close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts").

Intrusion upon seclusion occurs when "a person intrudes upon the solitude or seclusion of another or his private affairs or concerns such that it would be highly offensive to a reasonable person." *Omodunbi*, 2024 WL 3219262, at *8 (citing Restatement (Second) of Torts § 625B)). "The kind of harm that the tort of intrusion upon seclusion applies liability to is a harm that substantially impacts a person's life." *Brown v. Apex Asset Mgmt., LLC*, Civ. No. 23-3749, 2024 WL 3272450, at *4 (D.N.J. July 1, 2024). The intrusion must become a "substantial burden to a person's existence." *Id.* at *5 (citation modified). "Generally, harms arising from intrusion upon seclusion involve significant nuisance or invasions of privacy that disturb reasonable expectations of solitude, causing 'mental suffering, shame[,] or humiliation' to 'a person of ordinary sensibilities.'" *Delong v. PHE, Inc.*, Civ. No. 24-5212, 2025 WL 2447787, at *5 (E.D. Pa. Aug. 25, 2025) (quoting *Boring v. Google Inc.*, 362 F. App'x 273, 278-79 (3d Cir. 2010)); *c.f. Crawley v. Cach, LLC*, Civ. No. 19-234, 2019 WL 6841803, at *4 (W.D. Pa. Dec. 16, 2019) (finding the plaintiff stated a claim for intrusion upon seclusion, and thereby implicitly had Article III standing to pursue such a claim, when the defendant filed a frivolous debt collection action, and the defendant's actions "would have caused mental suffering, shame or humiliation" to the plaintiff as a result).

12

Here, Plaintiff alleges that Defendants' pursued a frivolous public state-court lawsuit against her—premised on an erroneous chain of title—which affected her financial health by reducing her credit score; interfered with her work schedule and ability to care for her family because of the hours she spent dealing with Defendants' agents and reviewing her own records; delayed her financial commitments such as paying other bills; and caused her to suffer "significant anxiety that affected her sleep, focus, and everyday family life." (ECF No. 13 ¶¶ 50, 52-54, 66.) The Court finds these "substantial burden[s]" imposed on Plaintiff's everyday life are analogous to the harms flowing from intrusion upon seclusion, so Plaintiff has standing to pursue her § 1692d claim. *See Brown*, 2024 WL 3272450, at *4; *Delong*, 2025 WL 2447787, at *5; *Crawley*, 2019 WL 6841803, at *4.

### B.     Failure to State a Claim

To state a claim under the FDCPA, a plaintiff must allege that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). "Because the FDCPA is a remedial statute, courts 'construe its language broadly so as to effect its purposes.'" *Garmon v. Cmty. Loan Servicing, LLC*, Civ. No. 22-5974, 2024 WL 489566, at *3 (D.N.J. Feb. 8, 2024) (quoting *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 367 (3d Cir. 2011)). Here, Defendants contend that Plaintiff fails to meet the fourth prong because Plaintiff does not sufficiently allege that Defendants violated provisions of the FDCPA in attempting to collect the debt. (*See* ECF No. 18-10 at 20-24.)[9]

---

[9]     Defendants do not distinguish between the various subsections of the FDCPA asserted by Plaintiff so the Court will analyze them together. (*See generally* ECF No. 18-10 at 20-24.)

Defendants argue that Plaintiff's FAC should be dismissed because Plaintiff fails to "*present evidence showing that the creditor is in fact not the assignee.*" (ECF No. 18-10 at 22.) (emphasis in original) (citing *Mora v. LVNV Funding LLC*, 408 F. Supp. 3d. 297, 301 (W.D.N.Y. 2019)). First, Plaintiff "need not present evidence" at the motion to dismiss stage. *Zoetis LLC v. Roadrunner Pharm., Inc.*, Civ. No. 15-3193, 2016 WL 755622, at *2 n.6 (D.N.J. Feb. 25, 2016) (rejecting the defendants' argument that the plaintiff lacked "evidence"). Second, the case Defendants rely upon, *Mora*, does not even say as much. There, the court held that a plaintiff can meet their burden by pointing to "specific falsities in the debt collector's supporting documentation." *Mora*, 408 F. Supp. 3d at 301 ("[P]laintiff must plausibly allege that the debt collector filed its collection case without a good faith belief in its validity.") (citations modified).

In this Circuit, courts have similarly permitted FDCPA claims to proceed when a plaintiff alleges inaccuracies in a debt collector's documentation, regardless of the intent behind those inaccuracies.[10] Indeed, in *Ramos v. LVNV Funding, LLC*, Civ. No. 18-5496, 2019 WL 1994463, (E.D. Pa. May 3, 2019), the court allowed similar allegations to proceed against the same defendants, Faloni and LVNV. There, LVNV represented to the plaintiff that it had been assigned a debt for a consumer credit card—a debt which the plaintiff denied owing—and LVNV retained Faloni to collect the debt. *Ramos*, 2019 WL 1994463, at *1. LVNV filed suit in Philadelphia Municipal Court to collect the debt, LVNV lost, and the plaintiff filed suit in federal court under the FDCPA. *Id.* The Court denied the defendants' motion to dismiss because, in the collection suit, "LVNV claimed that it was 'the Assignee and Successor in Interest' of an account belonging to [the plaintiff], when—according to an allegation in the [c]omplaint—in actuality, it was not."

---

[10]   "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

*Id.* at *3 (citing *Barbato v. Greystone All., LLC*, 916 F.3d 260, 265 (3d Cir. 2019)); *see also Yentin v. Michael, Louis & Assocs., Inc.*, Civ. No. 11-0088, 2011 WL 4104675, at *17 (E.D. Pa. Sep. 15, 2011) (denying a motion to dismiss where the plaintiff "alleg[ed] that a defendant debt collector misstated a material fact regarding the character, amount, or legal status of [a] debt in connection with the collection of that debt without averring any intent or awareness on the part of the defendant.").

Here, Plaintiff alleges inaccuracies in the state court collection action sufficient to survive a motion to dismiss.  Plaintiff alleges that, through the debt collection action, Defendants "misrepresent[ed] the chain of title," "falsely suggest[ed] a legal basis for collection," "falsely misrepresented the character, status, and amount of Plaintiff's debt," and made "deceptive, misleading, and unfair representations[.]"  (ECF No. 13 ¶¶ 57, 59, 64.)  Thus, similar to *Ramos*, Defendants claimed they were entitled to a debt which Plaintiff alleges they were not.  While Plaintiff "must ultimately establish, through admissible evidence, that [Defendants were not entitled to the debt] to prevail on her [FDCPA] claim,"  the "allegations in the [FAC]—treated as true for the purposes of [a Rule 12(b)(6)] motion—are sufficient to defeat Defendants' motions to dismiss."  *Ramos*, 2019 WL 1994463, at *3.[11]  Accordingly, the Court will permit Plaintiff's FDCPA claims to proceed.[12]

---

[11]    The fact that Plaintiff obtained a favorable outcome in the state court collection suit, (*see* ECF No. 18-4 at 2-3), only renders it more plausible that Defendants falsely represented their entitlement to the debt, *see Ramos*, 2019 WL 1994463, at *3 ("That [the p]laintiff prevailed in the Collection Suit merely makes [the misrepresentation] allegation more plausible."); *Gwiazda v. LVNV Funding, LLC*, Civ. No. 22-00698, 2022 WL 4280478, at *4 (E.D. Pa. Sep. 15, 2022) ("[T]he outcome of the Municipal Court collection suit makes [the plaintiff's] allegation that [the defendant] was not the assignee of the [a]ccount more plausible[.]").

[12]    Defendant raises one additional argument: "courts routinely hold ineffective service of collection proceeding papers does not violate the FDCPA."  (ECF No. 18-10 at 23-24 (collecting cases).)  However, Defendants rely on cases involving individuals who were allegedly improperly served, faced a default judgment because they did not appear due to the improper service, and

15

## IV.   CONCLUSION

For the foregoing reasons, and other good cause shown, Defendants' Motion to Dismiss

(ECF No. 18) is **DENIED**.  An appropriate Order follows.

Dated: July 10th, 2026

_____
**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**

---

subsequently sued under the FDCPA due to the initial improper service.  *See, e.g.*, *Moore v. Cohn Lifland Pearlman Herrmann & Knopf, LLP*, Civ. No. 23-833, 2024 WL 493448, at *3 (D.N.J. Feb. 7, 2024).  These cases are far afield from the instant matter, which is about a debt collection attempt premised on an erroneous entitlement to the debt, so the Court finds them uninstructive.